# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DIRRELL TAYLOR, III, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CASE NO. 4:20CV1489 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Respondent's Motion to Dismiss, [Doc. No. 8]. Movant has not responded to the Motion. For the reasons set forth below, the Motion will be granted.

## Background

Movant filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on October 14, 2020. Movant's sole claim is that his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), is no longer valid in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, he contends that his Fifth and Sixth Amendment rights were violated in that "the indictment and/or plea agreement [were] defective because [they] failed to allege the knowledge-of-status element"

and because Government failed to offer evidence establishing that he knew of his prohibited status, as required by *Rehaif*.

In September 2018, Movant pleaded guilty to unlawfully possessing a firearm under section 922(g). *United States v. Taylor*, No. 4:18-CR-63 HEA. On January 10, 2019, the Court sentenced him to 180 months' imprisonment. Movant did not appeal, so his conviction became final on January 24, 2019.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that under the general statute of limitations, pursuant to 28 U.S.C. § 2255(f)(1), this action would be time-barred. Movant failed to appeal his conviction and sentence, thus his unappealed criminal judgment became final on January 24, 2019. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005) (an unappealed criminal judgment becomes final when the time for filing a direct appeal expires); *see also* Fed. R. App. Proc. 4(b)(1)( In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.).

Movant states that his motion relates to the new Supreme Court case, *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and therefore, his motion to vacate is timely under 28 U.S.C. § 2255(f)(3).

The Supreme Court held in *Rehaif* that under § 922(g)(5)(A), a person "illegally or unlawfully in the United States," must know of both this status and his or her possession of a firearm to "knowingly violate []" the ban in 18 U.S.C. § 922(g) on certain categories of persons possessing firearms. The Supreme Court held the word "knowingly" applies to the "possession element" in the statute, as well as the "status element." The Supreme Court concluded that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that

3

the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. This Court is unable to address whether *Rehaif* substantively applies to his criminal convictions because although *Rehaif* is a "newly recognized right" by the Supreme Court, it was decided on June 21, 2019. And as noted above, movant filed his motion to vacate on October 14, 2020; thus, his motion was filed well over a year from the *Rehaif* decision.

Movant can be understood to claim entitlement to equitable tolling, pursuant to which the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") may be tolled if a movant demonstrates (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010), *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The Eighth Circuit has recognized that the doctrine of equitable tolling applies to motions filed under § 2255. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).

Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of

individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

In the case at bar, movant makes no effort to demonstrate that he has been diligently pursuing his rights. He does not claim to have taken any action to pursue his rights prior to initiating this case, nor does he explain *when he learned* of the facts giving rise to his claims or attempt to show he could not have discovered such facts through reasonable diligence within the one-year limitations period. Because movant cannot demonstrate he was diligently pursuing his rights, he cannot demonstrate entitlement to equitable tolling. *See Holland,* 560 U.S. at 649 and *Muhammad*, 735 F.3d at 815.

Movant contends that the COVID-19 pandemic prevented him from fully presenting his claims because the prison was in lockdown and therefore his access to the law library has been minimal to none.

The COVID-19 pandemic did not manifest in the United States until mid-March, 2020. Movant does not explain why he was unable to research and present his claims in the approximately nine months between June 21, 2019 when *Rehaif* was decided and his lock down on April 1, 2020 for the pandemic. He has not established that he was pursuing his rights diligently and that equitable tolling is warranted.

5

AEDPA's limitation period is subject to equitable tolling, but that doctrine "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). It "is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). The prisoner seeking equitable tolling must also establish "that he has been pursuing his rights diligently." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting Holland, 560 U.S. at 649). An unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" do not suffice. *Kreutzer*, 231 F.3d at 463.

Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions. *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). These "certain circumstances" involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19.

In several cases, § 2255 petitioners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries as a result of COVID-19. In those cases, "prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion" prior to the

6

lockdown. *United States v. Lionel Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

The COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *United States v. Henry*, No. 2:17-CR-180, 2020 WL 7332657 (W.D. Pa. Dec. 14, 2020).

Here, "in light of the particular circumstances" of this case, there is no basis for equitable tolling. Movant has not established that he was pursuing his rights diligently, or that the COVID-19 pandemic blocked him from doing so.

Having determined that the motion was untimely filed, Respondent's Motion to Dismiss is well taken.

Movant is completely silent as to any action at all that he took prior to the pandemic. Thus, there is no basis presented for the Court to conclude that movant was at any point prior to filing acting to pursue his right to file a § 2255 motion.

7

Second, movant fails to show that an "extraordinary circumstance" prevented him from timely filing. Movant raises COVID-19 as the reason the Court should allow equitable tolling. Even assuming that generally COVID-19 is an "extraordinary circumstance" that could warrant equitable tolling in certain circumstances, movant offers no explanation for how the pandemic impeded his ability to pursue his rights. Instead, he states only that he has been unable to access the law library during the Covid-19 lockdowns. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *see also*, *Kreutzer,* 231 F.3d at 463 (holding that even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted); (*United States v. Preston*, No. CR 12-138, 2019 WL 5150949, at *2 (E.D. La. Apr. 8, 2019) (refusing to toll when library access was limited during the eighth month of the § 2255 one-year period because the prisoner admitted that he had some access to the library before the one-year period expired); *United States v. Johnson*, No. 4:16CR69(1), 2018 WL 2939496, at *2 (E.D. Tex. June 11, 2018) ("[G]enerally, neither Defendant's time in state custody, nor the prison lockdown, considered independently or in conjunction, constitutes one of those 'rare instances where—

due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'") (quoting *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008)).

The Court concludes that there is no basis to invoke equitable tolling. As a result, movant's motion is time-barred and subject to dismissal.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. " '[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' " *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence, [Doc. No. 1], is **DISMISSED.**

   **IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

A separate order of dismissal is entered this same date.

Dated this 26th day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE