**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DIRRELL TAYLOR, III, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CASE NO. 4:20CV1489 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's, Motion for Reconsideration [Doc. No. 11]. Respondent has not responded to the Motion. For the reasons set forth below, the Motion will be denied.

### Background

Movant filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on October 14, 2020. Movant's sole claim was that his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), is no longer valid in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, he contended that his Fifth and Sixth Amendment rights were violated in that "the indictment and/or plea agreement [were] defective because [they] failed to allege the knowledge-of-status element"

and because Government failed to offer evidence establishing that he knew of his prohibited status, as required by *Rehaif*.

In September 2018, Movant pleaded guilty to unlawfully possessing a firearm under section 922(g). *United States v. Taylor*, No. 4:18-CR-63 HEA. On January 10, 2019, the Court sentenced him to 180 months' imprisonment. Movant did not appeal, so his conviction became final on January 24, 2019.

On March 5, 2021, Respondent filed a Motion to Dismiss.  Movant did not respond to the Motion.  On March 26, 2021, the Court granted the Motion.  In the Opinion, Memorandum, and Order, the Court articulated its reasoning for the dismissal, based on applicable law.

Movant now moves the Court to reconsider the dismissal under Rule 59(e) of the Federal Rules of Civil Procedure.

## Discussion

A Rule 59(e) motion permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. 11 C. Wright & A. Miller, Federal Practice and Procedure ' 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted).  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617, n. 5 (2008).  Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of

judgment. *White v. New Hampshire Dept of Employment Sec*., 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Innovative Home Health Care, Inc. v. P.T .-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998)(internal punctuation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court. *ElderBKeep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc*., 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider cannot be used to raise arguments which could have been raised prior to the issuance of judgment. *Hagerman v. Yukon Energy Corp*., 839 F.2d 407, 414 (8th Cir.1988).  District courts have broad

discretion in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at 413.

In his Motion, Plaintiff argues that "there is a manifest error of violating his substantive and procedural due process [rights] to respond to the government response to his 2255 once the courts (sic) ordered the government to respond to his 2255…"

The docket in this matter establishes that the Motion to Dismiss was filed on March 5, 2021.  Further, the docket also establishes that the Motion was mailed to Movant at his current place of incarceration on March 5, 2021 and was not returned as undeliverable.

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and this Court's Local Rule 4.1, a response to the Motion to Dismiss was required within 14 days from the filing of the Motion.

Rule 4.01 (FRCP 7) Motions and Memoranda.

**(A)** Unless otherwise directed by the Court, the moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies. If the motion requires consideration of facts not appearing in the record, the party also must file all documentary evidence relied upon. It is not necessary to file a separate memorandum in support of a motion for extension of time, but reasons and arguments in support of the motion must be stated in the body of the motion. If a motion for extension of time is filed by consent or is unopposed, the motion shall so state, and it will be subject to immediate consideration by the Court.

**(B)** Except as otherwise provided in these rules or by order of the Court, each party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies. If any memorandum in opposition requires consideration of facts not appearing in the record, the party must file with its memorandum all documentary evidence relied upon. Each opposition to a motion seeking an extension of time must be filed within seven (7) days after service of the motion.

Movant did not file an opposition to the Motion within the required time.

In spite of the lack of response, the Court addressed the Motion on the merits and set forth the reasons why the Motion was meritorious.  Movant merely states that he was not given the opportunity to respond; the docket reflects the opposite. Movant does not claim he did not receive the Motion.  Movant's motion is not well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Reconsider Pursuant to Rule 59(e) of the Fed.R.Civ.Proc. [Doc. No.11] is denied.

Dated this 26th day of May, 2021.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE